19-989-cr
*Cruz v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in
the City of New York, on the 11th day of September, two thousand twenty.

PRESENT:    RALPH K. WINTER,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LUIS NOEL CRUZ, AKA Noel,
                    *Petitioner-Appellee,*


            -v-                                 19-989-cr


UNITED STATES OF AMERICA,
                    *Respondent-Appellant.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLEE:         TADHG DOOLEY, Wiggin and Dana LLP,
                                 New Haven, Connecticut, *and* William T. Koch,
                                 III, Niantic, Connecticut.

CERTIFIED COPY ISSUED ON 09/11/2020

FOR RESPONDENT-APPELLANT:       JOHN T. PIERPONT, JR., Assistant United States Attorney (Patricia Stolfi Collins, Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR AMICUS CURIAE:       John R. Mills, Phillips Black, Inc., Oakland, California.

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **VACATED** and the case is **REMANDED** for the district court to reinstate the prior judgment and sentence.

The Government appeals from an order of the district court, entered on March 29, 2018, granting petitioner-appellee Luis Noel Cruz's successive petition brought under 28 U.S.C. § 2255 to vacate his sentence of four concurrent terms of mandatory life imprisonment and from its amended judgment, imposed on February 26, 2019 (and entered on the docket on March 18, 2019), sentencing Cruz principally to a total of thirty-five years' imprisonment. On appeal, the Government maintains that, because Cruz was eighteen years and twenty weeks old when he and another member of the Latin Kings committed the homicide crimes of conviction, the district court erred when it (1) held that *Miller v. Alabama*, 567 U.S. 460 (2012), precluded the imposition of

his mandatory life sentences and (2) failed to dismiss Cruz's successive petition for lack

of jurisdiction. We assume the parties' familiarity with the underlying facts, procedural

history, and issues on appeal.

## BACKGROUND

On September 29, 1995, Cruz was convicted, following a jury trial, of two

counts of murder in aid of racketeering, racketeering, conspiracy to commit a drug

offense, and related crimes. On January 30, 1996, the district court sentenced Cruz to,

*inter alia*, four concurrent terms of life imprisonment.

On June 25, 2013, Cruz sought permission to file a fifth successive petition

under 28 U.S.C. § 2255 to raise a proposed claim based on *Miller*. *See United States v.*

*Millet (Luis Noel Cruz)*, No. 13-2457 (2d Cir.) (Doc. No. 2). This Court granted the

request on July 22, 2013. *Id.* (Doc. No. 25). In *Miller*, the Supreme Court held that the

Eighth Amendment's prohibition on cruel and unusual punishment barred a

mandatory life sentence without parole for an individual under the age of eighteen at

the time of his crime. *See Miller*, 567 U.S. at 465; *see also Montgomery v. Louisiana*, 136

S. Ct. 718, 734 (2016) (holding that *Miller* announced a new substantive constitutional

rule that was retroactive on collateral review).

Cruz filed the instant petition in the district court on August 19, 2014, and

argued, *inter alia*, that *Miller*'s prohibition of mandatory life imprisonment for

individuals younger than eighteen years old ("juveniles") should also apply to those

3

who were eighteen at the time of their offense.  During a two-day evidentiary hearing,

Cruz presented expert testimony to the effect that individuals aged eighteen to twenty-

one are similar to juveniles with respect to brain development, impulse control, and

susceptibility to peer influence.

The district court was persuaded, and, on March 29, 2018, it vacated

Cruz's life sentences.  It reasoned that nothing in *Miller* limits its application to

defendants who were juveniles at the time of their offense, and that both scientific

evidence and a national consensus supports the conclusion that the Eighth Amendment

forbids a mandatory life sentence for a defendant who was eighteen at the time of his

crime.  The district court subsequently resentenced Cruz to thirty-five years'

imprisonment.  This appeal followed.

### *DISCUSSION*

We review a district court's legal conclusions underlying a motion for

relief under 28 U.S.C. § 2255 *de novo* and its factual findings for clear error.  *See United*

*States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018).

We are obliged to identify legal error by our decision in *United States v.*

*Sierra*, 933 F.3d 95 (2d Cir. 2019), *cert. denied sub nom. Beltran v. United States*, 140 S. Ct.

2540 (Mar. 23, 2020), and *cert. denied sub nom. Lopez-Cabrera v. United States*, 141 S. Ct.

2541 (Mar. 23, 2020).  In that case, decided in August 2019, after the district court

resentenced Cruz, this Court held that mandatory life sentences for individuals

4

eighteen years old or older do not violate the Eighth Amendment.  As *Sierra* observes,

*see id.* at 97, the Supreme Court has repeatedly drawn a bright line at age eighteen for

Eighth Amendment limitations on sentencing.  *See Miller*, 567 U.S. at 465, 479

("[M]andatory life without parole for those under the age of 18 at the time of their

crimes violates the Eighth Amendment's prohibition on cruel and unusual

punishments," because "[b]y making youth (and all that accompanies it) irrelevant to

imposition of that harshest prison sentence, such a scheme poses too great a risk of

disproportionate punishment."); *Graham v. Florida*, 560 U.S. 48, 74 (2010) (adopting a

categorical rule at the age of eighteen to implement its holding that the Eighth

Amendment forbids the imposition of a life sentence without parole for a juvenile

offender who did not commit homicide); *Roper v. Simmons*, 543 U.S. 551, 574, 578 (2005)

(holding that "[t]he Eighth and Fourteenth Amendments forbid imposition of the death

penalty on offenders who were under the age of 18 when their crimes were committed"

because "[t]he age of 18 is the point where society draws the line for many purposes

between childhood and adulthood").  Consequently, because the Supreme Court has

"chosen to draw the constitutional line at the age of 18 for mandatory minimum life

sentences," the imposition of such sentences for defendants between ages of eighteen

and twenty-two does not violate the Eighth Amendment.  *See Sierra*, 933 F.3d at 97.[1]

---

[1]     Every Circuit to consider this issue has refused to extend *Miller* to defendants who were
eighteen or older at the time of their offenses, albeit in circumstances distinct from those

In light of our holding in *Sierra,* we conclude that the district court erred when it held that the Eighth Amendment forbids a mandatory life sentence for a defendant who was eighteen at the time of his offense.  Like the defendants in *Sierra*, Cruz was convicted of murders in aid of racketeering committed after he had turned eighteen, and he was subsequently sentenced to mandatory life terms.  *See id*.  Although Cruz committed his offense only five months after his eighteenth birthday, we noted in *Sierra* that the Supreme Court explicitly limited its holding in *Miller* to defendants "under the age of 18," 567 U.S. at 465, and earlier Eighth Amendment jurisprudence also drew a categorical line at age eighteen between adults and juveniles, *see Graham*, 560 U.S. at 74; *Roper*, 543 U.S. at 574 ("Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules.  The qualities that distinguish juveniles from adults do not disappear when an individual turns 18 . . . . [H]owever, a line must be drawn.").  Accordingly, the district court's decision to vacate Cruz's life sentences on the grounds that the Eighth Amendment forbids such a sentence for a defendant who is eighteen is inconsistent with both this Court's decision in *Sierra* and Supreme Court precedent.[2]

---

presented by this case.  *See, e.g., Wright v. United States*, 902 F.3d 868, 872 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 1207 (2019); *In re Frank*, 690 F. App'x 146 (5th Cir. 2017);  *Melton v. Florida Dep't of Corr.*, 778 F.3d 1234, 1235, 1237 (11th Cir. 2015); *United States v. Marshall*, 736 F.3d 492, 500 (6th Cir. 2013); *United States v. Dock*, 541 Fed. Appx. 242, 245 (4th Cir. 2013).

[2]      Because we hold that Cruz's petition must be denied, we do not reach the Government's procedural argument that the district court erred when it failed to dismiss Cruz's successive petition for lack of jurisdiction under § 2255(h).

* * *

For the foregoing reasons, we **VACATE** the judgment of the district court

and **REMAND** for the district court to reinstate the prior judgment and sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

7